UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-22528

LISET DE LA PENA,

    Plaintiff,

vs.

FRAN FOOD SERVICE LLC D/B/A
EL PALACIO DE LOS JUGOS AND
FRANCISCO MORALES RAMOS,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Liset De la Pena, sues Defendants, Fran Food Service LLC d/b/a El Palacio de Los Jugos and Francisco Morales Ramos, as follows:

*Parties, Jurisdiction, and Venue*

1. **Plaintiff, Liset De la Pena**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. **Defendant, Fran Food Service LLC,** is a *sui juris* Florida for-profit company that was authorized to conduct and actually conducted its restaurant / food service business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

3. Defendant, Fran Food Service LLC, operates under the fictitious name of El Palacio de Los Jugos, located at 1545 S.W. 27th Avenue, Miami, Florida 33145.

4. **Defendant, Francisco Morales Ramos,** was at all times material an owner/officer/director/manager of the corporate Defendant, for the time period relevant to this lawsuit. He ran its day-to-day operations, hired Plaintiff, was responsible for all operational decisions,

1

was partially or totally responsible for paying Plaintiff's wages.

5. Mr. Morales Ramos is *sui* juris, over 18 years old, and resides in Miami-Dade County, Florida.

6. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants maintained their principal place of business in this District, because Plaintiff worked and was due to be paid in this District, and because most if not all of the operational decisions were made in this District.

8. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

9. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Liset De la Pena, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

10. Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

11. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

12. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuff, produce, fruits, meats, beverages, and products that have moved through interstate commerce, and other materials and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

13. Defendants cooked, prepared, and stored perishables and beverages while using appliances, refrigeration equipment, goods and materials that also have moved through interstate commerce.

14. Defendants also utilized a Point of Service system that involves using computer, computer software, and computer networking equipment that that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District and that regularly and recurrently involve the transmission of electronic information outside of the State of Florida.

15. Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state vendors).

16. Defendant's corporate annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or exceeded $125,000.00 for each relevant fiscal quarter.

17. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

18. Plaintiff was a non-exempt employee of Defendants.

19. Plaintiff consents to participate in this lawsuit.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

20. Plaintiff worked for Defendants as a "Manager" from approximately March 3, 2022 through July 18, 2022.

21. Plaintiff's job duties involved working behind the counter at Defendants' restaurant serving food and taking payment from customers.

22. Defendants agreed to pay Plaintiff at a rate of $5.00 per hour, plus tips.

23. Plaintiff worked for Defendants, Fran Food Service LLC d/b/a Palacio de los Jugos and Francisco Morales Ramos, from about April 4, 2021 through July 18, 2022 except for the period of time from July 27, 2021 to January 20, 2022.

24. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

25. Defendants controlled all job-related activities of Plaintiff.

26. Defendants coordinated all job-related activities of Plaintiff.

27. Defendants supervised Plaintiff's work.

28. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her regularly and routinely exchanging electronic information over the internet with persons and entities located outside of the State of Florida while processing credit and bank card payments.

29. During the last three years, Defendants utilized the tip credit to pay their servers at an hourly wage rate that was less than the entirety of the applicable minimum wage, even though those employees did not retain all of their tips, and when Defendants retained control over the tips and paid an equal amount of tips to each of their servers and to each of their cooks.

30. If an employer satisfies the tip credit requirements, it may apply a portion of the employee's tips (up to a maximum of $3.02 per hour) to satisfy its obligation to pay its employees at least a minimum wage.

31. If an employer satisfies the tip credit requirements, it may apply a portion of the employee's tips (up to a maximum of $3.02 per hour) to satisfy its obligation to pay its employees at least a minimum wage.

32. To utilize the tip credit, an employer must allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips."  29 U.S.C. § 203(m).

33. An employer must also notify its employees that it would be relying on the "tip credit" to make up the remaining $3.02 per hour.

34. If an employer fails to satisfy these requirements, it may not take advantage of the tip credit and must directly pay its tipped employees the full applicable minimum wage.

35. During her employment with Defendants, they utilized the tip credit to pay their servers at an hourly wage rate that was less than the applicable minimum wage (from $5.50 to $5.65 per hour in 2017 and 2018) and, while managing the "tip pool", distributed credit card and cash tips collected from servers to traditionally non-tipped employees.

36. During the last three years, Defendants were not entitled to the tip credit because Plaintiff did not receive a wage of least $3.02 less than the applicable minimum wage from Defendants due to their practice of requiring Plaintiff and their other servers to pay the tips they received into a "tip pool", which Defendants controlled and then shared with traditionally non-tipped employees.

5

37. As a direct and proximate result of Defendants' violations of the FLSA, as set forth above, Plaintiff is entitled to payment of the remainder of the applicable minimum wage for all unpaid hours worked and all tips improperly distributed/contributed to the tip pool.

38. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least a minimum wage for the hours Plaintiff worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay at least the minimum wage, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the minimum wage pay earned.

39. Defendants either recklessly failed to investigate whether their sharing / payment of tips with traditionally non-tipped workers (cooks) during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants allowed to share / pay tips to traditionally non-tipped workers (cooks) and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the tips she earned.

40. Plaintiff is entitled to a backpay award of minimum wages for all unpaid/underpaid hours worked, all tips improperly contributed to the tip pool and/or distributed to traditionally non-tipped employees, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Liset De la Pena, demands the entry of a judgment in Plaintiff's favor and against Defendants, Fran Food Service LLC d/b/a Palacio de los Jugos and Francisco Morales Ramos, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recover compensatory minimum wage damages (including tips) and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b.    That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

    c.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d.    That Plaintiff recover all interest allowed by law;

    e.    That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f.    That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g.    Such other and further relief as the Court deems just and proper.

## COUNT II - FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Liset De la Pena, reincorporates and re-alleges paragraphs 1 through 28 as though set forth fully herein and further alleges as follows:

41.    Defendants paid Plaintiff for at a rate of $5.00 per hour, in cash, plus tips.

42.    Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

43.    Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times of Plaintiff's regular hourly rate of pay, of at least the applicable Florida Minimum Wage, for all the hours worked beyond 40 hours in a given workweek.

44.    Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times of Plaintiff's regular rate of pay of at least the applicable Florida Minimum Wage for each of the overtime hours worked during the relevant time.

45. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage of at least the applicable Florida Minimum Wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay her an overtime rate of at least the applicable Florida Minimum Wage, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

46. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Liset De la Pena, demands the entry of a judgment in her favor and against Defendants, Fran Food Service LLC d/b/a Palacio de los Jugos and Francisco Morales Ramos, jointly and severally after trial by jury, and as follows:

  a. That Plaintiff recover compensatory overtime wage damages based on at least the applicable Florida Minimum Wage and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

  b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

  c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

  d. That Plaintiff recover all interest allowed by law;

  e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

  f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

  g. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Liset De la Pena, demands a trial by jury of all issues so triable.

Respectfully submitted this 10th day of August 2022,

        s/Brian H. Pollock, Esq.
        Brian H. Pollock, Esq.
        Fla. Bar No. 174742
        brian@fairlawattorney.com
        FAIRLAW FIRM
        135 San Lorenzo Avenue
        Suite 770
        Coral Gables, FL 33146
        Tel: 305.230.4884
        *Counsel for Plaintiff*