UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

ASHIKO BOMANI SMITH, Plaintiff/Petitioner

v.

TONY GREGORY, individually, and NADINE HEADLEY, individually, and NAKESHA TUCKER, individually, and ANDREW POLLOCK, individually, and CARLOS MONTEIRO, individually, and in their official capacities, / Defendant/Respondent

COMPLAINT

Civil Action No.: ____________

FILED BY MC D.C.
JUN 16 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# COMPLAINT

The plaintiff, ASHIKO BOMANI SMITH, by and through the undersigned, Smith, Ashiko Bomani in Propia Persona, and in Pursuant to Title 42, U.S.C. §1983, files his civil COMPLAINT against defendant(s) for violating the plaintiff's Civil Rights under the Fourth and Fourteent Amendment of United States Constitution, for false imprisonment(s), false arrest(s), conspiracy, illegal Search(s), gross negligence, due process violation(s), assault(s), battery(s), and mental anguish.

Plaintiff Smith, seek's monetary damages for mental anguish, humiliation, emotional distress, and punitive damages along with injunctive relief.

As a result of defendant(s) violations of plaintiff civil rights, plaintiff suffered damages in the amount to be determined at the trial, but in no event less than $1,500,000.00 million dollars individually, and severally against each defendant.

FACTUAL ALLEGATIONS

On or about the 18TH day of October, 2022 at apprx 11:45 am. Plaintiff Smith had arrived at the probation office located at 2928 FL-7 Lauderdale Lakes, FL 33313. This was a rescheduled meeting with defendant HEADLEY, the plaintiff's probation officer. After the plaintiff signed the login sheet, plaintiff waited for defendant HEADLEY, at apprx 12:35 p.m. Defendant HEADLEY took the plaintiff back to her office, where moment's later, defendant POLLOCK appeared an accosted the plaintiff without a warrant/Capias nor probable cause, and illegally arrested the plaintiff.

Plaintiff inquired to why he was being arrested? Defendant POLLOCK ignored the plaintiff's question and begins to walk over to defendant HEADLEY's telephone to place a call, moment's later plaintiff could hear defendant POLLOCK telling the other person on the line that he has the plaintiff an that the plaintiff is in possession of live ammunition. In the plaintiff dismay by defendant POLLOCK statement, the plaintiff then look's at defendant HEADLEY and made a statement to the effect of "Y'all had to lie to arrest me!" Plaintiff was not in possession of live ammunition at any time.

Defendant POLLOCK then took the plaintiff out the back of the probation building where an illegal search of plaintiff person was conducted, defendant POLLOCK did, however, retrieve a legal folded common pocketknife did not have weapon-like characteristics such as a hilt guard, notched combat-style grip, double-edged blade, or switchblade, and was not carried in an open and locked position. Nor was any live ammunition found on the plaintiff.

1.) Factual Complexity.

Plaintiff alleges that he was denied due process and was accosted by B.S.O. And was falsly imprisoned/arrested with no probale cause and fabricated crimes. Counsel would be able to get expert(s)/witnesses testimony required in this case, reinforce the complexity of this case.

2.) Plaintiff's Inability to Investigate.

The plaintiff is confined in a correctional institution, and has limited ability to investigate, and research laws at the law library. Plaintiff is unable to locate, identify, or make any interviews of witnesses. In addition, this cause will require a considerable amount of discovery, which plaintiff is unprepared to undertake on his own.

3) Conflicting Testimony.

The plaintiff's account of the events are in confliction with those of the defendant(s) in the case. An attorney trained in cross-examination will be able to readily establish credibility, and impeach the defendant(s) in their claim(s). The existance of these credibility issues supports the appointment of counsel. (See) Steele v. Shah, 87 F.3d 1266, 1271 (11TH Cir 1996).

4) Legal Complexity.

The number of experts, L.E.O.'s and potential witnesses, present complex legal issue where determining which defendant(s) were sufficiently involved, and overall responsible for the constitutional violation(s) in order to be held liable. (See) Hendricks v. Coughlin, 114 F.3d 390, 394 (2d Cir 1998).

5) Merits of The Case

The plainff's allegations, if proven, clearly establish a constitutional violation.

Continued. Factual allegations page 3.

A few moment's later, defendant HEADLEY came out the back of the probation building an walked over to defendant POLLOCK's car where defendant POLLOCK then gave the plaintiff's common pocketknife to defendant HEADLEY and she took it back into the probation office. Defendant POLLOCK then escorted the plaintiff to defendant CARLOS MONTEIRO's patrol car where he had the plaintiff handcuffed in the back seat for apprx 35 mins, without bringing plaintiff to the nearest magistrate.

Defendant POLLOK stated in his Affidavit that he transported the plaintiff to B.S.O. main jail, when in fact it was defendant CARLOS MONTEIRO who transported plaintiff to B.S.O. Main jail for booking.

(SEE) Defendant POLLOCK (B.S.O.) Complaint Affidavit for Probable Cause Affidavit never stated the reason for the active warrants/capias nor what crime happened at 3800 NW 26TH Street, and NW 3800 NW 29TH Street at the same time. The plaintiff was arrested on a 2017 warrant/capias on case #17013543CF10A nor was the plaintiff ever convicted on 11/27/27.

(SEE) Defendant POLLOCK (B.S.O.) Incident/Investigation Report, plaintiff common pocketknife was never placed into evidence as stated in defendant POLLOCK narrative

(SEE) Reporting Officer Narrative.

A, At Large Capias for the plaintiff with issue date of 11/17/22... The plaintiff has been in custody as of 10/18/22, even if it was a change of change. Defendant(s) fabricated their affiadvit was a new warrant/capias was ever execute, thus shocking the conscious mind of the plaintiff forever, leaving plaintiff in fear that defendant(s) can create all these criminal activities on the plaintiff.

Continued, factual allegations, page 4

It must also be noted that defendant(s) HEADLEY and her supervisor defendant TUCKER knew that plaintiff Smith was accosted in the probation office, and none of them notified the court to this fact.

PLAINTIFF ASHIKO BOMANI SMITH FOR HIS COMPLAINT AGAINT DEFENDANT(S) ANDREW POLLOCK, NADINA HEADLEY, CARLOS MONTEIRO, NAKEESHA TUCKER, TONY GREGORY, and states:

1.) On October 18th, 2022 plaintiff Smith, had a meeting at the probation office at 2928 FL-7 Lauderdale Lakes, FL 33313 and was accosted by defendant(s) acting as Lauderdale Lakes B.S.O. employees for the city of Ft. Lauderdale (F.L.D.E.) for employer TONY GREGORY.

2) On October 18th, 2022 defendant(s) POLLOCK, and MONTEIRO did not ask to see plaintiff indentification card during the false imprisonment. An I.d. was found after a nonconsent search of his person by defendant POLLOCK who did not document that the I.d. Found had (All Rights Reserved) on the signature line.

3.) On October 18th, 2022 defendant POLLOCK escorted the plaintiff over to defendant MONTEIRO'S patrol car and gave instructions to transporte plaintiff to B.S.O. Main jail, instruction by defendant POLLOCK did falsly imprison, plaintiff without a warrant and over plaintiff's objections that defendant(s) act(s) were in violation to plaintiff rights and constitutional provisions of due process of law.

Continued. page 5.

4.) On October 18th, 2022 defendant POLLOCK gave false and misleading statements in his Criminal Complaint for probable cause to the where about to the arrest of the plaintiff, defendant MONTEIRO also siged off on defendant POLLOCK false and misleading complaint affidavit.

5.) Defendant MONTEIRO did not give accountability in his October 18TH 2022 feild report about having plaintiff handcuffed in back seat of patrol car at probation office for 35 mins without bringing plaintiff to the nearest magistrate to answer for the (1.) "active warrant/capias".

6.) On October 18TH 2022 All defendant(s) knew that plaintiff Smith would be subject to "booking" which include finger printing, photographing and confinement for an indefinite period of time and possibly subject to other types of assault, and batteries.

7.) On October 18TH 2022 defendant(s) by their own admission made no attempt to bring plaintiff before a magistrate or a warrant Judge, when defendant(s) had full opportunity to do so, being that the false imprisonment occurred apprx. 2:26 p.m. On a Tuesday, and that defendant(s) sought B.S.O. Main jail for booking instead.

CLAIM OF DAMAGES COUNT #2 FALSE IMPRISONMENT

8.) Plaintiff Smith reallege paragraph 1 through 7

Continued page 6

9.) On October 18th 2022 defendant(s) POLLOCK, and MONTEIRO without warrant or due process of law (Fla. Const. Article 1 section 7) unlawfully arrested plaintiff Smith and acting contrary to law, did falsly imprison plaintiff Smith, depriving plaintiff of his liberty.

10.) As a result of defendant(s) false imprisonment etc. Of plaintiff, plaintiff Smith, had his rights to liberty violated, suffered mental anguish, a loss of time and wages in his work, and a discredit in his reputation.

CLAIM OF DAMAGES COUNT #2 FALSE IMPRISONMENT

11.) Plaintiff Smith reallege paragraph 1 through 7

12.) The defendant(s) POLLOCK, and MONTEIRO, upon arresting plaintiff Smith brought plaintiff to the County main jail for the purpose of "booking" and detaining plaintiff by their own admission made no attempt to bring plaintiff before a proper Judge, or court as is required by law (Due Process).

13.) The act(s) of defendant POLLOCK in falsly creating a crime without a Victim for a felony arrest and failing to take plaintiff to a Judge or Court to so decide, Contitute false imprisonment by defendant MONTEIRO.

CLAIM OF DAMAGES COUNT # 3 FALSE IMPRISONMENT/CONSPIRACY, TRESPASS

14.) Plaintiff reallege paragraph 1 through 7

Continued page 7

15) On October 18th 2022 defendant(s) POLLOCK, and MONTEIRO both B.S.O. arrested plaintiff Smith under the false pretense that plaintiff was in the commission of committing a new crime. And because the defendant(s) POLLOCK, and MONTEIRO knew the plaintiff was on probation and did not violate the terms, conspired with defendant(s) HEADLEY, and TUCKER to fabricate a new arrest location and not the location of the probation office at 2928 FL-7 Lauderdale Lakes, FL 33313. And use a out-of-date arrest warrant from 2017, thus created a new crime to illegally arrest and (trespass) plaintiff in bad faith, violating plaintiff rights and liberty. B.S.O. & Probation Office conspired to create a new offense to illegally trespass on plaintiff.

CLAIM OF DAMAGES COUNT #4 ASSAULT(S) AND BATTERIES

16.) Plaintiff Smith reallege paragraph 1 through 7

17.) Due to the unlawful act(s) of defendant(s) POLLOCK, HEADLEY, MONTEIRO, and TUCKER whom are all employed by sheriff GREGORY TONY, plaintiff Smith suffered a series of assault(s) and batteries upon his person, including arrest's, re-arrest, hand cuffing(s) false imprisonment(s), and several booking procedure(s) and harrassment(s). GREGORY TONY the employer/defendant was grossly negligent in supervising his subordinates who committed the wrongful act(s).

# STATEMENT OF THE CASE

(A) Defendant(S) violated title 42 U.S.C. § 1983 through abuse of process, due process, false arrest(S), false imprisonment(S), assault(S), batteries, gross negligence, illegal search(S), and Conspiracy.

(B) Defendant(S) violated plaintiff Smith's Civil Constitutional Rights under the Fourth and Fourteenth amendment(S) of THE U.S. CONSTITUTION, and Florida for defendants Condurt under Color of State law. Causing Substantial, and permanent injuries to plaintiff.

## RELIEF REQUEST

(C) WHEREFORE, plaintiff pray's and request the following relief jointly and severally against each defendant(S) and demands Judgment against each defendant.

1.) $ 3,000,000.00 In monetary damages for mental anguish and emotional distress.

2.) $ 4,000,000.00 Awarding plaintiff punitive damages againt the defendant(S).

3.) Awarding plaintiff reasonable attorney's fee's, cost, and disbursments Pursuant to 42 U.S.C. §1988.

4.) Declaring that the conduct of defendant(S) violated plaintiff's right's under the Fourth and Fourteenth Amendments to the United States Constitution: and

5.) INJUNCTION RELIEF as in releasing plaintiff from Custody and Granting such other and further relief as may be just, and proper.

Respectfully admitted,

Dated June 12 2023

[signature]

ASHIKO BOMANI SMITH

# VERIFICATION

I, SMITH, ASHIKO BOMANI, the undersigned for Plaintiff ASHIKO BOMANI SMITH, have read the for going COMPLAINT and accompanied documents documents and hereby verify that all matters alleged on information and belief and as those, I ~~belief~~ believe them to be true.

I certify under penalty of perjury pursuant to 28 USC §1746 that the enclosed copy was executed on June 12 2023 and mailed to

A. CARLOS MONTEIRO, BS20075 BSO District 05 200 N.W. 27TH Avenue. Fort Lauderdale FL 33311

B. ANDREW POLLOCK, BS17401 BSO District 04 4300 N.W. 36TH Street Lauderdale Lake FL 33319

C. TONY GREGRY, Address: 2601 W. Broward Blvd. Ft. Lauderdale, FL 33312-1308

D. NADINE HEADLEY, 2928 17-5 BROWARD WEST, Lauderdale Lake, FL 33313

E. NAKESHA TUCKER, 2928 17-5 Lauderdale Lake, FL 33313

S/ [signature]
ASHIKO BOMANI SMITH

ASHIKO BOMANI SMITH
General Delivery building
OAKLAND PARK,
FL 33310

USA ★ FOREVER

US District Court Clerk

400 N. Miami Ave, Miami, FL 33128

33128$7718 C075